Per Curiam.
The judge below held that the order was substantially for the discovery of documents under section 805 of the Code of Civil Procedure and that it should be vacated, as it was not made upon petition and order to show cause as required by that section.
*267 The learned counsel for the appellant argues, that in a case like this, where the party sought to be examined is a corporation, the seventh subdivision of section 872 provides for a discovery of papers, as well as for an examination of a party as a witness in connection with the papers produced. The purpose and end of sections 872, and those before and after it, is to procure a deposition which may be filed, etc. The order to be made is to direct the examination of such persons and the production of such books and papers. There is no language which clearly indicates that the sections provide for the discovery of the papers, as an independent proceeding, and such a discovery sufficient for all purposes of justice, yet shaped to protect the rights of the defendant, is specifically provided in sections 805, et seq. The section 872, by its phrases of examination and inspection of the contents of books and papers and the production, does not intend an alternative to the oral examination of the witness, and not connected with the latter, but means something depending upon or ancillary to oral examination. It must be held that the section contemplates not an independent discovery, but an oral examination of a witness, which will involve the necessity of producing a paper as to which, or the contents of which, he can give evidence. It is true that some part of the order, taken by itself, might refer only to such an oral examination. The main feature, however, is the deposit of papers with the judge at chambers, to remain with him for thirty days, and all the rest is subordinate to this.
Order affirmed, with $10 costs, and disbursements to be taxed